**In the MATTER OF: Kenneth A. SCHENK, Respondent**

**Supreme Court Case No. 02S00-1703-DI-132**

Supreme Court of Indiana.

Filed August 24, 2017

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** In May 2011, Respondent was convicted of operating a vehicle while intoxicated ("OWI") with an alcohol concentration equivalent of .15 or more. In February 2016, Respondent pled guilty to possession of marijuana. Respondent did not report either of these convictions to the Commission. In April 2015, Respondent was arrested for and charged with various OWI-related offenses. Respondent has been placed in the Allen County Alcohol Deterrent Program ("AADP"), and his OWI prosecution has been deferred pending his completion of the AADP program.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on Respondent's trustworthiness or fitness as a lawyer, and Admission and Discipline Rule 23(11.1)(a)(2) (2016), which requires an attorney found guilty of a crime to notify the Commission.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning October 5, 2017, with 30 days actively served and the remainder stayed subject to completion of at least 24 months of probation with JLAP monitoring.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include among other things:

(1) Respondent shall refrain from the use of alcohol and all mind-altering substances.

(2) Respondent shall have no violations of the law or the Rules of Professional Conduct during his probation.

(3) Respondent shall promptly report to the Commission any violation of the terms of Respondent's probation.

(4) If Respondent violates the terms of his probation, the stay of his suspension may be vacated and he may be required to actively serve the suspension with or without automatic reinstatement.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of

probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(16).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.